WILKINSON, Circuit Judge,
concurring in the denial of rehearing en banc:
At issue here is a South Carolina statute allowing citizens to opt for specialty license plates bearing the message “Choose Life.” See S.C.Code Ann. § 56-3-8910. No specialty license plate with the opposite message is similarly available. Planned Parenthood of South Carolina, Inc. and Renee Carter have challenged the statute authorizing the “Choose Life” plates. The statute’s message could be reversed and the plaintiffs’ position could be pro-life, not pro-choice, but the principles that govern this case would remain the same.
I vote to deny ■ rehearing en banc. I simply do not believe the state should use license plates to practice viewpoint discrimination. See Sons of Confederate Veterans, Inc. v. Comm’r of Va. Dep’t of Motor Vehicles, 305 F.3d 241, 242 (Wilkinson, C.J., concurring in the denial of rehearing en banc). That is plainly what is happening here. The state is saying that its citizens may express one view on a profound controversy but not the other. Citizens are permitted to express their agreement with the officially sanctioned policy, but they have no similar outlet to express their disagreement with it. This is a presidential election year. May a state issue plates touting one candidate, but not another? It is one thing for states to use license plates to celebrate birds and butterflies, military service, historical events and scenic vistas. It is quite another for the state to privilege private speech on one side — and one side only — of a fundamental moral, religious, or political controversy.
The state would argue that its viewpoint discrimination is permissible, because its license plates constitute pure government speech. But the speech here only becomes speech by virtue of a citizen’s choice. When speakers mount a soapbox or hoist a placard, one presumes they are free to create their own messages. I am not convinced that the mere presence of a license plate allows the state unlimited authority to channel would-be speakers into privileged categories of expression of the state’s own choosing.
Just as I considered Sons of Confederate Veterans “a free speech ease, not ... a Confederate flag case,” id. at 242, this to me is a First Amendment case, not a case about abortion. “It will not do to decide the same question one way between one set of litigants and the opposite way between another.” Benjamin N. Cardozo, The Nature of the Judicial Process 33 (1921). The fact that Americans have deep differences of opinion on subjects such as these is all the more reason to recognize the unifying force of the First Amendment principle; — namely, that none of us has the right to compel assent to our views, but that all of us have the right to *582 express them. The state’s failure to be neutral on the right to speak about our most divisive issues will give rise to great resentment. The confidence that all are treated equally with respect to belief, conscience, and expression enables Americans to transcend difference and to make “e pluribus unum” the lasting legacy of our nation.